UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

CEDRICK SWANIGAN,

      Plaintiff,    Case No.: 12-cv-10520
              Honorable David M. Lawson
  v.          Magistrate Judge David R. Grand

DETROIT NEWS and
FREE PRESS,

      Defendants.
_____/

### REPORT AND RECOMMENDATION TO DISMISS, *SUA SPONTE*, PLAINTIFF'S COMPLAINT [1] UNDER 28 U.S.C. § 1915(e)

**I. RECOMMENDATION**

This case has been referred to this court for general case management. Doc. #4. The court granted Plaintiff Cedrick Swanigan leave to proceed *in forma pauperis* and, having assessed the sufficiency of the complaint pursuant to 28 U.S.C. § 1915(e), RECOMMENDS that Swanigan's complaint be dismissed for failure to state a claim upon which relief can be granted.

**II. REPORT**

  **A. Background**

Once a complaint is filed *in forma pauperis* under 28 U.S.C. § 1915(a), it is tested under § 1915(e). Under 28 U.S.C. § 1915(e)(2)(B), a court "shall dismiss" a case at any time if the court finds that the case is: "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Here, dismissal is proper because Swanigan's complaint fails to state a claim upon which relief can be granted.

Swanigan is a prisoner at the Michigan Department of Corrections' Richard A. Handlon

Correctional Facility. (Doc. #2). Under Part II of the Civil Cover Sheet (Doc. #1, p. 4) that Swanigan filed with his complaint, he indicated that the basis of this court's jurisdiction is "Federal Question," and in Part VI he identified "[§] 1983 civil suit" when asked to cite the "U.S. Civil Statute under which you are filing." (*Id.*)[1] The sum and substance of Swanigan's complaint is that his brother was shot and killed in 1977 while the two were "on duty for the Detroit News and Free Press," and that "[a]t no time did they give us any money for my family['s] losses or pain and suffering." (*Id.* at 1). He seeks $10,000,000 in damages. (*Id.* at 2).

Swanigan's complaint clearly does not state a claim for relief under 28 U.S.C. § 1983, and does not otherwise state claims over which this court has subject matter jurisdiction.

### B. Swanigan's Complaint Fails to State a Claim for Relief Under § 1983

42 U.S.C. § 1983 provides that "[e]very person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States [] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." To recover under §1983, the plaintiff must plead and prove that: (1) he suffered a deprivation of a right secured by the Constitution or laws of the United States, and (2) that deprivation was caused by a person acting under color of state law. *Savage v. City of Pontiac*, 743 F.Supp.2d 678, 683 (E.D. Mich. 2010) (citing *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003)). A § 1983 claim may not be maintained against a private party unless that "party's actions may be fairly attributable to the state." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). § 1983 does not apply to state law claims. *Savage*, 743 F.Supp.2d at 683

---

[1] Under Part IV of the Civil Cover Sheet, entitled "Nature of Suit," the plaintiff is instructed to "Place an "X" in One Box Only." (*Id.*) However, Swanigan checked the boxes for "Personal Injury – Product Liability," "Other Civil Rights," and "Racketeer Influenced and Corrupt Organizations." (Doc. #1, p. 4). The "Other Civil Rights" box is circled, which comports with Swanigan's statement in Part VI about the cause of action he is bringing.

(citing *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990)).

Under these well-settled principles, it is clear that Swanigan's complaint fails to state a claim for relief under § 1983 because he has not alleged that the Defendants acted "under color of state law."  *See Hailey v. Metro*, 2009 WL 1393382, at *2 (E.D. Mich. May 18, 2009) (dismissing purported § 1983 claims against Detroit News and Detroit Free Press under 28 U.S.C. § 1915(e)(2)(B) because neither could be said to have acted "under color of state law.").

### C. To the Extent Swanigan's Complaint States Tort Law Claims, this Court Lacks Subject Matter Jurisdiction

Although Swanigan purports to bring claims under § 1983, in reality, his claims sound in tort.  However, only certain tort actions may be filed in the federal district court, and if this court determines that it has no basis for jurisdiction over this case, it cannot grant relief, and the action must be dismissed.  *See* Fed. R. Civ. P. 12(h)(3).  Pursuant to 28 U.S.C. § 1332(a)(1), federal subject matter jurisdiction over a state law tort action exists only where the amount in controversy exceeds $75,000 and the dispute is between citizens of different States.  While Swanigan has alleged damages of $10 million, which satisfies the amount in controversy requirement, his papers show that complete diversity of citizenship is lacking.

Diversity jurisdiction exists only where the plaintiff is a citizen of a different state than all of the defendants.  *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).  Although Swanigan's complaint contains no jurisdictional allegations, on the civil cover sheet accompanying his complaint, Swanigan lists his residency as Wayne County, Michigan and he lists the residency of the defendants as also being "Wayne" County.  Therefore, while from the face of the complaint it is unclear whether diversity jurisdiction exists, the accompanying documents make clear that it does not.  *See Hughes v. Miami Jacobs Career College*, No. 11-632, 2011 U.S. Dist. LEXIS 104058 at *7, 2011 WL 4711914 (S.D. Ohio Sept. 14, 2011)

*adopted by* 2011 U.S. Dist. LEXIS 115799, 2011 WL 4711995 (S.D. Ohio October 6, 2011) (holding that plaintiff could not invoke diversity jurisdiction where indicated on civil cover sheet that both plaintiff and defendant were residents of Ohio).[2]  Thus, the complaint fails to state a claim upon which relief could be granted and should be dismissed under § 1915(e)(2)(B).

### III.     CONCLUSION

For the reasons stated above, the court **RECOMMENDS** that Swanigan's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted**.**

Dated: February 23, 2012                                     s/David R. Grand
Ann Arbor, Michigan                                           DAVID R. GRAND
                                                              United States Magistrate Judge

### NOTICE

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140

---

[2] The court may also take judicial notice of the fact that the Detroit News and Detroit Free Press are incorporated in, and have their principal places of business in Michigan.  *See Spratt v. Living Ways, Inc.*, 2005 WL 2899323, at *1 (W.D. Mich. Nov. 2, 2005); *Morisch v. U.S.*, 709 F.Supp.2d 672, 676 (S.D. Ill. 2010) (noting that court "can take judicial notice of the online records of corporations maintained by the Illinois Secretary of State…) (citing *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003) and *Bova v. U.S. Bank, N.A.*, 446 F.Supp.2d 926, 930 n. 2 (S.D. Ill. 2006)).  The State of Michigan's Department of Licensing and Regulatory Affairs maintains a publicly-accessible on-line database of Michigan corporations.  *See* http://www.dleg.state.mi.us/bcs_corp/sr_corp.asp.  On that site, both the Detroit Free Press and the Detroit News are identified as being Michigan corporations, with principal places of business in the State.  *See* http://www.dleg.state.mi.us/bcs_corp/dt_corp.asp?id_nbr=071995&name_entity=DETROIT%20FREE%20PRESS,%20INC. and http://www.dleg.state.mi.us/bcs_corp/dt_corp.asp?id_nbr=012665&name_entity=THE%20DETROIT%20NEWS,%20INC (last visited February 22, 2012).

(1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 23, 2012.

                                                      s/Felicia M. Moses_____
                                                     FELICIA M. MOSES
                                                     Case Manager